IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD STROTHER, #12594-078,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 20-cv-00378-JPG |
| ) | |
| WILLIAM B. TRUE,  ) | |
| ) | |
| Defendant.  ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Reginald Strother, an inmate who is in the custody of the Federal Bureau of Prisons ("BOP"), brings this action pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971). (Doc. 1, pp. 1-8). Strother claims he has lawfully completed and discharged his sentence in *United States v. Strother*, Case No. 1:06-cr-182-MAC-KFG. (*Id.*). However, he remains incarcerated in violation of his due process rights under the Fifth and/or Fourteenth Amendments. (*Id.*). He seeks money damages for his excessive confinement from Warden True, the current warden of the United States Penitentiary at Marion, Illinois ("USP-Marion"). (*Id.*). Strother does not explain his connection to Warden True or USP-Marion. (*Id.*). He is housed at the United States Penitentiary located in Beaumont, Texas ("USP-Beaumont"). (*Id.*).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

### The Complaint

Strother sets forth the following allegations in the Complaint (Doc. 1, pp. 1-8): On February 4, 2009, Strother received a sentence of mandatory life imprisonment for 81 grams of crack cocaine and two prior convictions pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. *See United States v. Strother*, Case No. 1:06-cr-182-MAC-KFG. His mandatory life sentence was allegedly invalidated by passage of Section 404 of the First Step Act of 2018, which made the Fair Sentencing Act of 2010 retroactively applicable to certain covered offenses (including his) committed on or before August 3, 2010. (*Id*. at 2).

Strother maintains that his new sentence (mandatory minimum and maximum) is ten (10) years under Section 2 of the Fair Sentencing Act and § 841(b)(1)(B)(iii) because he was not charged with "death or serious bodily injury resulting from such use." (*Id*. at 2). Strother has been incarcerated for more than thirteen (13) years and has completed his statutorily reduced sentence. Because there is no sentence for the Court to reduce under these circumstances, Strother argues that Defendant "must comply with the law whether the Court acts or not." (*Id*.).

In May 2019, Plaintiff received notification from the United States Probation Department in Plano, Texas, and Assistant United States Attorney Matt Quinn that he had completed his retroactive sentence. The Probation Department requested home visit information so that Strother could begin his supervised release. (*Id*. at 3). However, the information provided by his family was rejected. (*Id*. at 3-4). Strother claims that his continued confinement under these circumstances has resulted in a loss of liberty without due process in violation of his rights under the Fifth and/or Fourteenth Amendments. (*Id*. at 2-3).

Based on the allegations in the *pro se* Complaint, the Court finds it convenient to designate two claims in this action:

**Count 1:**   Strother has lawfully completed and discharged his sentence in *United States v. Strother*, Case No. 1:06-cr-182-MAC-KFG.

**Count 2:**   Defendant deprived Strother of liberty without due process of law, in violation of the Fifth and/or Fourteenth Amendments, when he held Strother in custody following the lawful completion and discharge of his statutorily, retroactively reduced sentence without notice or an opportunity to be heard.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

Strother seeks money damages for his prolonged incarceration. This request for relief encompasses Strother's implicit request for an order invalidating his mandatory life sentence and reducing it to ten years. A claim for release from custody falls squarely within the domain of federal habeas corpus, but money damages cannot be awarded in a habeas case. *Ward v. Akpore*, 702 F. App'x 467 (7th Cir. 2017) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87, 489 (1994)). A prisoner who seeks money damages for the "very fact or duration of his confinement" has no claim under 42 U.S.C. § 1983 or *Bivens* "unless and until the inmate obtains favorable termination of a state, or federal habeas corpus, challenge to his conviction or sentence." *Ward*, 702 F. App'x at 469 (citing *Nelson v. Campbell*, 541 U.S. 637, 646 (2004); *Edwards v. Balisok*, 520 U.S. 641, 643 (1997)). Strother's damages claim is thus barred until he successfully challenges his mandatory life sentence. *Heck*, 512 U.S. at 486-87; *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (holding that damages claim against federal prison officials, based on alleged miscalculation of sentence, was barred by *Heck*).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

In *Heck*, the United States Supreme Court held that in order to recover damages under Section 1983 for an unconstitutional conviction or imprisonment or "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the sentence was previously invalidated, by demonstrating that it was "reversed or expunged on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. The *Heck* rationale applies to *Bivens* actions as well. *See Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997).

Strother has admittedly obtained no reversal or expungement of his conviction or sentence in his underlying criminal case, on direct appeal, by executive order, in a writ of habeas corpus, or otherwise. Strother claims that he remains in custody, despite having lawfully completed and discharged his sentence in *United States v. Strother*, Case No. 1:06-cr-182-MAC-KFG. (*Id*.). His argument rests on automatic application of the First Step Act to invalidate his sentence. Although Section 404(b) of the First Step Act provides statutory authorization for a sentencing court to modify a previously-imposed sentence, the modification does not occur automatically in the manner that Strother suggests. He is simply eligible for a sentence reduction, which must be ordered by the sentencing court. Strother may need to file a motion with that court to initiate and/or complete the process.

Strother has only just begun this process. On the same date he filed this case, Strother also filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in this District. *See Strother v. True*, Case No. 19-cv-00459-SMY (S.D. Ill.) (Doc. 1). In his Section 2241 Petition, he requested immediate release from confinement pursuant to Section 404(b) of the First Step Act of 2018. The habeas matter was transferred to the United States District court for the Eastern

District of Texas, where Strother was sentenced in Case No. 1:06-cr-182-MAC-KFG. (Doc. 4). Until he obtains reversal or expungement of his sentence via a writ of habeas corpus or otherwise, Strother's claims in this case are *Heck*-barred.

Even if *Heck* presented no barrier to Strother's claims, however, the Complaint still fails to state a claim for relief. In *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Supreme Court recognized a limited remedy against individual federal agents for a narrow set of constitutional violations. The Supreme Court recently clarified that federal courts should not expand *Bivens* into contexts not officially recognized by the Supreme Court, unless certain "special factors" counsel otherwise. *Ziglar v. Abbasi*, 137 U.S. 1843, 1859-60 (2017). The Court cited only three instances in which a *Bivens* remedy should be recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Ziglar*, 137 U.S. at 1854-55. Strother's due process claims fit into none of these categories. His claims are more akin to those cases involving due process violations arising from administrative and disciplinary proceedings, which are not cognizable under *Bivens*. *See Goree v. Serio*, 735 F. App'x 894 (7th Cir. 2018).

Moreover, Plaintiff names USP-Marion's warden as the only defendant, but he does not mention this individual in the statement of his claim. Merely naming a person as a defendant does not suffice to state a claim against him. Like Section 1983, *Bivens* claims cannot be based on supervisory liability, so the warden's leadership role, alone, does not subject him to liability under *Bivens*. *McCree v. Sherrod*, 408 F. App'x 990, 993 (7th Cir. 2011) (citation omitted). A plaintiff must allege that the individual federal agent was personally involved in a violation of his rights. *Id*. Strother describes no personal involvement by Warden True in a constitutional deprivation.

5

(Doc. 1). He is not incarcerated at USP-Marion, and he does not explain how Warden True was involved in his prolonged confinement. Strother identifies USP-Beaumont as his current place of confinement, but he does not name USP-Beaumont's warden in this action.

Because Strother has not demonstrated that his sentence was declared invalid or expunged before commencing this action, his *Bivens* claims cannot proceed. His claims may accrue, when and if he eventually succeeds in his habeas petition (of First Step Act motion) challenging his sentence. At this juncture, however, his sentence has yet to be invalidated, and his allegations otherwise fail to state any claim for relief. Accordingly, the Complaint and this action must be dismissed. Leave to amend a complaint should not be granted when an amendment would be inappropriate or futile, as it would be here. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). Accordingly, this case will also be closed. If Strother chooses to pursue a *Bivens* claim after his sentence is declared invalid and reduced, he should file a separate action in the federal judicial district where the misconduct giving rise to his claims occurred.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) and this action are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that the dismissal counts as one of his three "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724,

725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 6/25/2020**                              s/ *J. Phil Gilbert*
                                                                  **J. PHIL GILBERT**
                                                                  **United States District Judge**